UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 3:15-cr-00019-HDM-WGC |
| | ) | |
| vs. | ) | |
| | ) | MINUTES OF COURT |
| ERIC ERCELLUS SUDDUTH, | ) | |
| | ) | March 26, 2015 |
| Defendant. | ) | |

**PROCEEDINGS:** MOTIONS HEARING RE: [16] INTERESTED PARTY CITY OF RENO'S MOTION TO QUASH SUBPOENA and [18] DEFENDANT'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS ISSUED TO THE RENO POLICE DEPARTMENT

**PRESENT:**
THE HONORABLE HOWARD D. McKIBBEN, SENIOR U.S. DISTRICT JUDGE

**Deputy Clerk:** Paris Rich      **Court Reporter:** Kathryn French

**Counsel for Plaintiff:** Megan Rachow, AUSA

**Counsel for Defendant:** Biray Dogan, AFPD

At 11:25 a.m., the Court convenes.

The Defendant (In Custody) is present with counsel. The Government is present. Reno City Attorney Karl Hall and Deputy City Attorney Robert Bony are present on behalf of Interested Party City of Reno.

The Court addresses [16] Motion to Quash Subpoena and [18] Motion to Compel Compliance in this matter. The Court further discusses the Government's duty to learn of any exculpatory and/or impeaching evidence in possession of any agency which may be cooperating with the prosecution of a case and the Government's requirement regarding review and disclosure of such evidence.

On behalf of the Government, Ms. Rachow states that Mr. Bony, together with Reno Police Department ("RPD") Internal Affairs, conducted a review of the personnel files of RPD Officers Byron Cragg and Jerel Hallert and determined there is nothing in the officers' files that would be responsive to the related Subpoenas.

USA v. Eric Ercellus Sudduth  March 26, 2015
3:15-cr-00019-HDM-WGC  Page 2 of 3
_____

On behalf of the City of Reno, Mr. Bony confirms Ms. Rachow's statements and further states that following his review with RPD Internal Affairs, there were no *Brady* or *Giglio* implications contained in the officers' files, and there were no instances of excessive use of force.

The Court inquires as to whether there is anything in the officers' files relating to untruthfulness. Mr. Bony confirms there were no allegations, instances, or involvement of any truthfulness issues as to either officer in the files. The Court accepts the City of Reno's disclosure.

On Behalf of the Defendant, Mr. Dogan requests the material be provided to the Court for *in camera* review.

**IT IS ORDERED, the [18] Motion to Compel Compliance is DENIED without prejudice.**

**IT IS FURTHER ORDERED, the Defense's broad request this date for the Court to conduct a general *in camera* inspection of the files is DENIED without prejudice. In the event the Defense is aware of, or becomes aware of, anything specific that would alert the Court to the fact that an *in camera* investigation to all or part of the files should be conducted, the Court should be advised.**

**IT IS FURTHER ORDERED, should Officer Cragg or Officer Hallert be designated as witnesses, and should there be a designation of a witness who hasn't been disclosed yet, the same would be required with respect to any such witness as to files under the control of the City of Reno, as has been represented this date. IT IS SO ORDERED.**

Ms. Rachow states her office will be in contact with Mr. Dogan prior to trial to conduct a review of any officer the Government intends to call as a witness. The Court and counsel further confer.

Ms. Rachow restates her personal practice relating to the review of files and disclosures with respect to Government witnesses. Ms. Rachow further restates she does not believe there are any disclosable documents in this case with respect to Officer Cragg or Officer Hallert.

The Court advises the parties as to the severe consequences of any false misrepresentations. Ms. Rachow confirms her full understanding of the Court's statement. The Court further advises the parties of the continuing order of the Court and the Government's continuing obligation to follow the procedures as outlined this date with respect to disclosures. The Court further states that should any disclosures be required, those disclosures should immediately be made available to the Defense. In the event counsel believes that <u>any</u> disclosure is questionable, an *in camera* examination of the material shall be requested. Ms. Rachow and Mr. Bony confirm their understanding of the Court's requirement.

The Court and counsel confer regarding the current trial date of April 14, 2015 at 9:00 a.m. On behalf of the Defendant, Mr. Dogan requests a continuance of the trial. The Court canvasses the Defendant as to his waiver of a speedy trial. The Defendant confirms his free and voluntary waiver of a speedy trial in this matter. The Government has no objection to a trial continuance. The Court and counsel confer.

USA v. Eric Ercellus Sudduth                                                      March 26, 2015
3:15-cr-00019-HDM-WGC                                                             Page 3 of 3
_____

**IT IS ORDERED, by Wednesday, April 1, 2015, counsel shall file a written stipulation, signed by the Defendant and with excludable time, to continue the current trial date.**

**IT IS FURTHER ORDERED, the Calendar Call set for Wednesday, April 1, 2015 at 9:30 a.m. is VACATED.**

The Defendant is remanded to custody.

At 11:45 a.m., the Court adjourns.

                                      LANCE S. WILSON, CLERK

                                      By: /s/ Paris Rich
                                             Deputy Clerk